# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN S. CAPTAIN, III**, | Case No. 3:24-cv-00659-IM |
| Plaintiff, | **OPINION AND ORDER DISMISSING IFP COMPLAINT** |
| v. | |
| **CRAIG RUSSILLO**; **DINIHANIAN LLC**; **VAHAN DINIHANIAN**; and **HARRY DINIHANIAN**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

This matter concerns Plaintiff John S. Captain's Complaint ("Compl."), ECF 2, which he has filed in forma pauperis ("IFP"). Plaintiff has also filed a separate Motion for Appointment of Counsel, ECF 3. This Court GRANTS Plaintiff's Application for Leave to Proceed IFP, ECF 1. However, as discussed below, this Court DISMISSES the Complaint, ECF 2, because Plaintiff has failed to state a claim for which relief may be granted and DENIES Plaintiff's Motion for Appointment of Counsel, ECF 3.

PAGE 1 – OPINION AND ORDER DISMISSING IFP COMPLAINT

## LEGAL STANDARDS

The federal IFP statute, 28 U.S.C. § 1915, permits an indigent litigant to forgo the administrative costs associated with initiating and prosecuting a lawsuit in federal court. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). In drafting § 1915, Congress recognized that a litigant who is not required to shoulder the financial burden of litigating may lack "an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To temper such abuses, § 1915(e) authorizes a district court to dismiss a complaint upon finding that it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint filed in forma pauperis may be dismissed at any time, including before service of process, thereby "spar[ing] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (explaining that § 1915(e) applies to all IFP complaints, and not just those filed by individuals in custody).

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## BACKGROUND

Plaintiff brings this suit against Defendants Craig Russillo, Dinihanian LLC, Vahan Dinihanian, and Harry Dinihanian. *See* Compl., ECF 2 at 2. Relying on the Americans with Disabilities Act ("ADA"), and the U.S. Constitution, Plaintiff appears to accuse Defendants of

three things. First, he alleges that Defendants have withheld documents related to a Forcible

Entry and Detainer proceeding in state court. *Id.* at 4. Second, he alleges Defendants violated the

ADA. *Id.* And third, Plaintiff alleges that Defendants violated his constitutional rights related to

"the loss [of his] home and child." *Id.* As a remedy, Plaintiff seeks "documents at 8028 SE Stark

St held by the adverse party" and $1 million "for [Plaintiff] and [his] child." *Id.*

As exhibits to his Complaint, Plaintiff attached several filings from a case in the Circuit

Court of Multnomah County. Those documents describe a Forcible Entry and Detainer

proceeding that Dinihanian LLC—represented by Mr. Russillo—brought against Mr. Captain as

the tenant of 8028 SE Stark Street, Portland, Oregon ("Property"). *Id.* at 14. After Mr. Captain

accrued an unpaid rent balance of $28,591.11, Dinihanian LLC provided a thirty-day notice of

termination of Plaintiff's month-to-month lease of the Property on January 13, 2023. *Id.* at 15.

Pursuant to the termination of Mr. Captain's lease, on March 16, 2023, Dinihanian LLC

requested that the Multnomah County Circuit Court grant it immediate possession of the

Property. *Id.* at 14–16.

On April 17, 2024, Plaintiff filed his Complaint, ECF 2, and Motion for Appointment of

Counsel, ECF 3.

## DISCUSSION

### A.  Application to Proceed In Forma Pauperis

Federal Rule of Civil Procedure 8 requires that pleadings contain "a short and plain

statement of the claim showing that the pleader is entitled to relief," and instructs that "each

allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). "A claim is the

'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los

Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). Compliance with Rule 8

therefore requires a plaintiff to plead a short and plain statement "identifying the transaction[s] or

occurrence[s] giving rise to the claim[s] and the elements of the prima facie case" for each claim alleged. *Id.* Though detailed factual allegations are not required, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading "that offers 'labels and conclusions,'" "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff's complaint falls short of asserting a short and plain statement showing that he is entitled to relief. Indeed, the complaint cannot be served as written. Plaintiff includes no operative facts or identifying details in support of his claims, such as who did what and to whom. Plaintiff only asserts conclusory violations of his "right to court documents," the "ADA" and a "constitutional right." Compl., ECF 1 at 4. This Court can discern only that Plaintiff's claims involve the Forcible Entry and Detainer case that his exhibits reference.

Even liberally construed, Plaintiff's Complaint and his attached state court filings fail to provide Defendants notice of the claims against them as required by Rule 8, and it is impossible for anyone to draft an answer to Plaintiff's complaint in its current form. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although . . . pro se litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."). Accordingly, Plaintiff's complaint does not comport with Rule 8 and must be dismissed. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding district court's dismissal of a complaint that failed to set forth a short and plain statement of the claims at issue in violation of Rule 8(a)).

PAGE 4 – OPINION AND ORDER DISMISSING IFP COMPLAINT

Furthermore, Plaintiff's Complaint faces potential jurisdictional issues. First, to the extent that Plaintiff seeks review of his state court case, this Court notes that "a state-court decision is not reviewable by lower federal courts." *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (citation omitted). Second, to the extent that Plaintiff is seeking damages on behalf of his minor child, the Ninth Circuit expressly prohibits pro se plaintiffs from suing "on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). This list of potential hurdles is not exhaustive, and there may be other issues that Plaintiff's claims, if clarified, may trigger.

**B.  Motion for Appointment of Counsel**

Plaintiff also asks this Court to appoint him counsel because he "ha[s] no reasonable income." Motion for Appointment of Counsel, ECF 3 at 1. This Court denies his request for pro bono counsel.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). But under 28 U.S.C. § 1915(e)(1), a court may "appoint counsel for indigent civil litigants" based on a showing of "exceptional circumstances." *Id.* (citing *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). In determining whether exceptional circumstances exist, the court considers (1) the "likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Mr. Captain's Complaint does not satisfy this standard. Because Mr. Captain has not articulated a discernable claim for which relief can be granted, Mr. Captain has not demonstrated any possibility—much less a likelihood—of success on the merits. For the same reason, this Court cannot evaluate the complexity of the legal issues involved in this matter. Thus, at this

time, Mr. Captain has not demonstrated exceptional circumstances warranting the appointment

of counsel, and the Request for Appointment of Counsel must be denied.

## CONCLUSION

This Court GRANTS Plaintiff's Application for Leave to Proceed IFP, ECF 1. This Court

DISMISSES Plaintiff's Complaint, ECF 2, without prejudice. This Court also DENIES as

MOOT Plaintiff's Motion for Appointment as Counsel, ECF 3. If Plaintiff believes he can cure

the deficiencies described in this Opinion and Order, he can file an amended complaint within 30

days. If Plaintiff does not file an amended complaint in that time, this Court will enter judgment

dismissing the case with prejudice.


**IT IS SO ORDERED.**

DATED this 26th day of April, 2024.


/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge